IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TREVON JONES, | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-16-1744 |
| v. | * | Crim. Action No. RDB-09-0219 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In 2010, Petitioner Trevon Jones ("Petitioner" or "Jones") pled guilty before this Court to one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (Count III), and one count of using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 924(c) (Count IV). (Superseding Indictment, ECF No. 12; Plea Agreement, ECF No. 72.) On August 31, 2010, this Court sentenced Jones to 60 months of imprisonment on Count III (Hobbs Act Robbery) and 84 months on Count IV (using and carrying a firearm in furtherance of a crime of violence), to run consecutively for a total term of 144-months' imprisonment, followed by a three-year period of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 127.) In 2019, Jones was released from prison and began his three-year period of supervised release.

Pending before this Court is Jones's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 250.)[1] The submissions have been reviewed and no

---

[1] Although Jones was released from prison in 2019, he is still serving a supervised release term and is thus still "in custody" under 28 U.S.C. § 2255. *See Nwaehiri v. United States*, No. WDQ-06-0444, 2014 WL 1800404, at \*2 n.3 (D. Md. May 5, 2014) (citing *United States v. Hill*, 500 F. App'x 258, 259 (4th Cir. 2012)).

hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 250) is DENIED.

On May 27, 2016, the Office of the Federal Public Defender ("FPD") filed the pending Motion on behalf of Jones, seeking to vacate his sentence in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On June 6, 2020, however, the FPD moved to withdraw its appearance as counsel for Petitioner based on the United States Court of Appeals for the Fourth Circuit's 2019 decision in *United States v. Mathis*, finding that Hobbs Act Robbery still qualifies as a "crime of violence" under § 924(c). (ECF No. 288.) Accordingly, this Court recognizes that the Petitioner is now *pro se* and has accorded his pleadings liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (per curiam) (unpublished) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers").

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). When seeking relief under 28 U.S.C. § 2255, a petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). The scope of a § 2255 collateral attack is far narrower

than an appeal, and a " 'collateral challenge may not do service for an appeal.' " *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

As the FPD correctly explains, Jones is ineligible for relief under *Johnson*. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutional because it failed to provide sufficient notice of the types of convictions covered under the ACCA. 135 S. Ct. 2551. The Supreme Court further held in *United States v. Davis*, 139 S Ct. 2319 (2019), that the residual clause in the § 924(c) "crime of violence" definition is unconstitutionally void. However, in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), the Fourth Circuit determined that Hobbs Act Robbery still qualifies as a "crime of violence" under the force clause of § 924(c). Accordingly, because the basis for Jones's § 924(c) conviction is Hobbs Act Robbery, which still qualifies as a "crime of violence" under the force clause of § 924(c), Jones is not eligible for relief under *Johnson* and his Motion must be denied.

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 250) is DENIED. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate

of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 9th day of July, 2020, that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 250) is DENIED;

2. A certificate of appealability shall not issue and is DENIED; and

3. The Clerk of this Court shall CLOSE this case.

_____/s/_____
Richard D. Bennett
United States District Judge